UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTINE A. STULSKY and JANA M. PRINDLE,

                              Plaintiffs,                      **REPORT AND**
                                                                   **RECOMMENDATION**
         -against-                                          16-CV-3804 (GRB) (ARL)

VINCENT F. DEMARCO, et al.,

                              Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court are the renewed motions of the County defendants and Dr. Gerard J. Micalizzi ("Micalizzi") seeking to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 37 and 41. Despite service on the *pro se* plaintiff, Jana M. Prindle ("Prindle") by certified mail, Prindle has failed to respond. For the reasons set forth below, the undersigned respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## BACKGROUND

      This action arises out of the alleged improper treatment of the now deceased plaintiff, Christine Stulsky ("Stulsky"), while she was incarcerated in the Suffolk County Jail. ECF No. 1. According to the complaint, on April 12, 2015, Stulsky fell and fractured her hip and femur. *Id.* Stulsky alleged that the County defendants refused to provide her with necessary emergency care causing her condition to worsen. *Id.* Ultimately, Stulsky was required to have a hip replacement, which she claimed would not have been necessary had she been treated earlier. *Id.*

      On July 8, 2016, Stulsky commenced this action alleging claims under 42 U.S.C. §§ 1983 & 1988, and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, along with pendent state claims. At the time, she was represented by Harry H.

Kutner.  An initial conference was held on October 12, 2016, at which time the Court established March 22, 2017 as the deadline for completion of all discovery.  ECF No. 11.  Following the initial conference, Stulsky requested and received numerous extensions of that deadline.  Then, on October 12, 2017, Stulsky commenced a second action against Micalizzi alleging that he had mis-read her X-rays.  Three months later, counsel for Stulsky moved to consolidate the cases and, by order dated October 18, 2018, District Judge Spatt granted the application.

In the meantime, the undersigned met with the parties on several occasions to address ongoing discovery disputes.  Indeed, soon after the case was consolidated, the undersigned scheduled a discovery conference and ultimately established July 31, 2019 as the deadline for completion of all discovery.  Then, in August, the discovery schedule was once again modified.  However, before discovery could be completed, Stulsky passed away.

In November 2019, Kutner sought to have the case stayed to give Stulsky's executrix, Prindle, time to obtain her testamentary letters.  That request was granted and, on January 30, 2020, Kutner submitted a motion to formally substitute Prindle as the plaintiff for Stulsky.  The motion for substitution was granted by Judge Spatt in March 2020.  Shortly thereafter, the parties appeared before the undersigned.  Notably, by the time that conference was held, this case was already four-years old.  Nonetheless, at the April conference, the Court indicated that it would consider a modest proposal to modify the scheduling order given the events that had transpired.  ECF No. 50.  Despite the Court's clear instructions, two days later, counsel for the plaintiff submitted a request for a 15-month extension, which was denied.  Instead, the Court adjourned the deadline to complete all discovery to November 20, 2020.  The Court also directed that any party planning on making a dispositive motion was to take the first step in the motion process by December 4, 2020.  Finally, a final conference was scheduled for December 17, 2020.

Nevertheless, on October 20, 2020, counsel for the plaintiffs sought an additional "thirty day suspension to get a final decision from the family about the action's future course." ECF No. 53. In response to that letter, the Court issued the following order:

> The plaintiff's request to stay this case for thirty days is denied. In his letter, counsel for the plaintiff has outlined a number of issues that have complicated the prosecution of this action including the anticipated bankruptcy filing of a family member. Counsel has been aware of the possible bankruptcy filing since at least September 11, 2020. In addition, after conferencing with the parties in April, the Court indicated that it would consider a joint proposal for an amended scheduling order. However, shortly thereafter, the Court rejected the proposed 15-month extension as excessive and established November 20, 2020 as the final deadline for discovery. Given the age of this case, discovery must go forward. Accordingly, to the extent witnesses are available, they should be produced for depositions.

Order dated October 22, 2020. One week later, Kutner submitted an application to District Judge Brown seeking to withdraw from the case. ECF No. 54. Judge Brown denied the motion and indicated that, pursuant to his individual rules, the application for withdrawal had to be made to the undersigned.

On November 5, 2020, Kutner resubmitted his motion to withdraw. This time, the Court denied the motion on November 6, 2020 finding that Kutner's scant application had failed to address the impact of the withdrawal on the timing of the proceeding. Upon receipt of that order, the defendants were forced to seek a stay of discovery. According to counsel for the County defendants, they had tried to contact Kutner as soon as the Court issued the November 6 order and were advised that plaintiffs' counsel intended to immediately file a renewed application to withdraw, which he did not do. The defendant Micalizzi argued that he had been unable to schedule the depositions of Prindle or Stulsky. In addition, counsel for Micalizzi advised that the plaintiffs had not responded to the defendant's requests for numerous documents. Given the history and the plaintiff's failure to fully prosecute this action, the Court stayed discovery for an

3

additional thirty days to give the parties an opportunity to resolve the issue concerning the plaintiffs' representation.

The following week, the undersigned granted Kutner's renewed motion to withdraw as counsel for the plaintiff and directed Prindle to obtain new counsel or notify the court that she intends to proceed *pro se* by January 30, 2021. Prindle failed to do so. Nevertheless, on February 18, 2021, the Court extended Prindle's time to obtain new counsel or to notify the Court that she intended to proceed *pro se* to March 5, 2021. In that order, the undersigned warned Prindle that failure to comply with the order would result in a recommendation that the case be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 37 and 41. Once again, Prindle failed to respond.

Then, on March 29, 2021, the defendants submitted a joint letter noting that Prindle had not complied with the February 18, 2021 order. However, counsel for the defendants indicated that they had been in touch with Prindle and it appeared that she was living at a different address and was using the wrong docket number on her correspondence. Since the defendants acknowledged that it was unclear if correspondence to Prindle was being returned as undeliverable or was ever mailed, the Court entered an order providing Prindle with more opportunity to obtain new counsel or to notify the Court that she intended to proceed *pro se.* Prindle was directed to do so by April 23, 2021. This time, the Court also directed the defendants to serve a copy of the order on Prindle at the address listed on her March 2, 2021 letter and to file proof of service with the Court, which they did.

Once again, Prindle failed to file a timely response. However, it appears from the docket sheet that Prindle had been trying to call the Court's *pro se* office. In fact, on May 5, 2021, the *pro se* office entered a note on the docket sheet indicating that they had returned a phone call

4

from Prindle in which she wanted to let the Court know that she retained counsel. Ultimately, consistent with that call, Prindle filed a letter indicting that she had engaged William C. Goggins, Esq. and Philip J. Branigan, Esq. Nonetheless, as of May 18, 2021, neither attorney had filed a notice of appearance on her behalf.

By order dated May 18, 20201, the Court provided Prindle one final opportunity to have her newly engaged counsel file a notice of appearance on her behalf or to file a letter with the Court indicating that she intends to proceed *pro se*. She was directed to do so by May 28, 2021. The Court repeated its prior warning that failure to comply with the order would result in the issuance of a recommendation that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 37 and 41. Despite being served with a copy of the Court's order, to date, Prindle has failed to respond.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). Here, Prindle was repeatedly warned that her failure to comply with Court Orders would result in the dismissal of Stulsky's claims. Indeed, to date, Prindle has not advised the Court that she

intends to prosecute this action *pro se.* Nor has an attorney filed a notice of appearance on her behalf. Under these circumstances, the matter cannot proceed. Certainly, given the age and the history of this case, the defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the defendants and a copy is being sent by certified mail neither attorney has filed a notice of appearance on her behalf.

 to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       June 17, 2021

                                                                 /s/
                                       ARLENE ROSARIO LINDSAY
                                       United States Magistrate Judge